UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOEL OSCAR GELABET,

Petitioner,

v.

IMMIGRATION AND CUSTOMS
ENFORCEMENT FIELD OFFICE
DIRECTOR,

Respondent.

Case No. C26-326-RSM

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS UNDER
28 U.S.C. § 2241

This matter comes before the Court on Petitioner Joel Oscar Gelabet's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Dkt. #5. The Court has reviewed the petition, the Return filed by the Government, Dkt. #8, Petitioner's Reply, Dkt. #11, and the remainder of the record. The following facts are taken from the verified petition and a declaration of a deportation officer submitted by the Government. Dkts. #5, #9.

Petitioner, a native citizen of Cuba, entered the United States on or about December 31, 2006, and was issued a Notice to Appear. On January 29, 2008, an immigration judge in Phoenix, Arizona ordered Petitioner removed to Cuba *in absentia* after he failed to appear at the hearing. On June 17, 2008, Petitioner was released on an order of supervision.

On January 21, 2016, Petitioner was convicted of possession of intent to distribute 500 or more grams of methamphetamine, and aiding and abetting, in the United States District Court for

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C.
§ 2241  - 1

the Northern District of Texas.  He was sentenced to 135 months in federal prison.  Upon his release on July 9, 2025, Immigration Customs and Enforcement ("ICE") officers detained him and served him with a notice of revocation of release.  After an interview at the Fresno ICE office, Petitioner was transferred to the Northwest ICE Processing Center in Tacoma, Washington on July 10, 2025, where he remains in detention.  Petitioner initiated the instant action *pro se* in January 2026.[1]

The Government claims that Petitioner has stated that he is willing to be removed to Mexico, that he has not manifested any fear of removal to Mexico, and that he is willing to go to "any South American country."  Dkt. #9 at ¶¶ 11, 14, 16.  Though the Government attempted to initiate Petitioner's removal to his native Cuba, Cuba denied acceptance of this request on January 13, 2026.  *Id*. at ¶ 15.  Currently, the Government intends to remove Petitioner to Mexico.  *Id*. at ¶ 17.  However, in his Reply, Petitioner states that "ICE has asked me multiple times if I would go to Mexico and every time I've answered NO! I would be persecuted, tortured, or kidnapped because I'm not Mexican and my Religion."  Dkt. #11 at 3.

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).  In this case, Petitioner contends that his arrest and detention violate the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]"  U.S. Const. Amend. V.  The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful,

---

[1] Petitioner has utilized a form Petition created for those at NWIPC that may not contain all of Petitioner's claims for habeas relief.  *See* Dkt. #5.  Because Petitioner further articulates his arguments in his Reply, Dkt. #11, the Court will liberally construe Petitioner's *pro se* filings and requires no further briefing.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241  - 2

unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

Under the Immigration and Nationality Act ("INA"), the Government has an initial 90-day "removal period" to remove noncitizens who have a final order of removal. 8 U.S.C. § 1231 (a)(1)(A). During this period, the noncitizen "shall" be detained. *Id*. at § 1231(a)(2)(A). After 90 days, the Government "may" continue detaining noncitizens, but this extension of detention is limited by due process under the Fifth Amendment. *Id*. at § 1231(a)(6); *Zadvydas*, 533 U.S. at 683, 689. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statutes." *Zadvydas* at 699. Following a removal order, the "presumptively reasonable" period for detention is six months. *Id*. at 701.

Petitioner has been in detention for almost eight months, thus Petitioner's continued detention is not "presumptively reasonable." *Id*. The Government does not refute that there is a backlog of some 34,000 Cubans with final removal orders, that Cuba denied accepting Petitioner already, and removal to Cuba is highly unlikely to occur due to Petitioner's aggravated felony conviction. The Government merely points out other successes in repatriating noncitizens to Cuba and argues that Petitioner will be removed to Mexico. Dkt. #8 at 6. But Cuba has already declined to accept Petitioner, and, as the Government states, Mexico has a "general policy against accepting aggravated felons." *Id*. at 6. Furthermore, beyond unsupported statements, the Government provides no evidence of Petitioner's agreement to be removed to Mexico or any other third country. *See Arenado-Borges v. Bondi*, 2025 WL 3687518, at *4 (W.D. Wash. Dec. 19, 2025) (finding that "Mexico's acceptance may be contingent on the noncitizen's consent"); *Rodriguez-Fernandez v. Bondi*, 2026 WL 445562, at *3 (W.D. Wash. Feb. 17, 2026) (finding that the Government failed to show a likelihood of removability when it ignored the petitioner's

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 3

contention and other habeas cases showing "that the Mexican government only accepts individuals who *consent* to removal there"). The Government's bald assertion that Mexico "historically accepted third-country nationals in limited contexts" and that other South American countries remain "open[] additional avenues," without any explanation of these countries' removal processes, does not "support[] foreseeability." Dkt. #8 at 6-7.

In sum, the Court finds that the Government has failed to rebut Petitioner's showing that his detention has become indefinite because there is no likelihood that Cuba or Mexico, or anywhere else, will accept Petitioner in the reasonably foreseeable future. "[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Zadvydas*, 533 U.S. at 699-700. Accordingly, the Court will grant Petitioner's habeas petition.

Petitioner has also requested that the Government not remove him to a third country without Constitutional guarantees. Dkt. #11 at 1. Given all of the above, the Court finds that Petitioner faces a likelihood of third-country removal. Under the INA, a noncitizen may be removed to (in order of priority): (1) a country designated by the noncitizen; (2) a country where the noncitizen is a subject, national, or citizen; or (3) a country where the noncitizen has a lesser connection. 8 U.S.C. § 1231(b)(2). If these options are "impracticable, inadvisable, or impossible," the noncitizen may be removed "to another country whose government will accept" him. *Id*. at §1231(b)(2)(E)(vii); *Jama v. ICE*, 543 U.S. 335, 341 (2005).

However, the Government may not remove a noncitizen to a country where he is threatened due to race, religion, nationality, political opinion, or membership in particular social groups. 8 U.S.C. § 1231(b)(3)(A). The Government must "make a determination regarding a noncitizen's claim of fear before deporting him." *Aden v. Nielsen*, 409 F. Sup. 3d 998, 1019

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 4

(W.D. Wash. 2019). "To comply with due process, the Government must provide sufficient notice and a meaningful opportunity for the noncitizen to present any claim of fear of persecution or harm upon removal to a designated third country." *Valdez-Batista v. Immigr. & Customs Enf't Field Off. Dir.*, 2026 WL 449531, at *4 (W.D. Wash. Jan. 30, 2026) (report and recommendation adopted, 2026 WL 447344 (W.D. Wash. Feb. 17, 2026)). Accordingly, the Court finds that, should the Government decide to remove Petitioner to a country other than Cuba, they must provide Petitioner with written notice of this intent and a meaningful opportunity to respond.

Finally, Petitioner requests that the Government provide him with a hearing in which they must show that he is a flight risk or danger to the community before re-detaining him. Dkt. #11 at 1. For his current detention, Petitioner was re-detained after failing to comply with the conditions of his release, *i.e.*, after serving prison time for his aggravated felony conviction. 8 C.F.R. § 241.13(i)(1). But "the Government remains subject in all respects to an obligation to effectuate that re-detention in a manner that comports with the Fifth Amendment." *Vasilchuk v. Immigr. & Customs Enf't Field Off. Dir.*, 2026 WL 575327, at *2 (W.D. Wash. Mar. 2, 2026). While the statute allows for revocation of release under Petitioner's circumstances, it specifically states that Petitioner "may be continued in detention for an additional six months in order to effect [his] removal, *if possible*, and to effect the conditions under which [he] had been released." 8 C.F.R. § 241.13(i)(1) (emphasis added). The possibility of removal is unlikely. Therefore, Petitioner must be released, and the Government must show some change in circumstances prior to any future re-detention.

Accordingly, having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and Orders:

(1) Petitioner's habeas petition is GRANTED.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241  - 5

(2) Petitioner shall be released from custody immediately subject to the conditions of his most recent order of supervision.

(3) The Government is prohibited from re-detaining Petitioner or removing or attempting to remove Petitioner to a country other than Cuba without prior notice and a meaningful opportunity to be heard before an immigration judge.

DATED this 5th day of March, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241  - 6